UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| LISA LAPP, Administrator, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. #1:23-cv-248 |
| ) | |
| THE UNITED STATES OF AMERICA, *et al.* ) | |
| ) | |
| Defendants. ) | |

MOTION FOR LEAVE TO TAKE
PRELIMINARY DISCOVERY and WAIVER OF HEARING

This lawsuit arises out of an inmate's suicide at the Alexandria Adult Detention Center ("ADC") in May 2021. The current defendants are the United States pursuant to the Federal Tort Claims Act, and a local psychiatrist who improperly discontinued the psychotropic medication that had restored the inmate to mental competence. Plaintiffs Lisa Lapp and her daughter J.L., by counsel, move for an order granting them leave promptly to serve discovery on the Office of the Alexandria Sheriff in order to discover, within the remaining period of limitations, whether documentation exists sufficient to determine (a) whether any member of the sheriff's staff had knowledge of the decedent's decompensation at the ADC, and if so, whether he or she reported it appropriately, and (b) whether any personnel from Wellpath LLC, the for-profit provider of health services to ADC inmates, were apprised of the decedent's decompensation, and if so, whether they responded appropriately. In support of this motion, plaintiffs respectfully represent as follows:

1. The defendants in this suit are the United States, pursuant to a claim under the Federal Tort Claims Act for disregarding an order of Judge Ellis's that Dr. Lapp be returned to the Federal Medical Center at Butner, North Carolina, for continuity of care; and Dean Inouye, a psychiatrist employed by the Alexandria Community Services Board. Dr. Inouye, who provided mental health services at the ADC, withdrew the medications that had returned Dr. Lapp to competence for trial and that Butner mental health professionals had required be maintained. Dr. Lapp then committed suicide.

2. The period of limitations for presentation of claims arising out of Dr. Lapp's suffering and death in court ends May 17, 2023.

3. Dr. Lapp's former criminal defense counsel, Joseph Flood, attests to the following:

> On April 23, 2021, having learned that Dr. Lapp had not been returned to Butner, I filed a notice to this effect in court. Given my normal preference to have my clients available at a local detention center, my usual resistence to having clients sent away for medication, and my plans for Dr. Lapp's presentation at sentencing, my provision of this notice reflected my concern that Dr. Lapp would deteriorate if left unmedicated at the ADC. Indeed, to the best of my recollection, I had previously told at least one staff member at the ADC that in light of the of the circumstances facing Dr. Lapp, his situation gave me pause, that, I was concerned for his well-being and asked that staff keep a close eye on him.

Exhibit 1, ¶8.

4. Mr. Flood cannot identify the ADC staff member with whom he spoke about his concerns regarding Dr. Lapp. Beginning months ago, the undersigned counsel solicited documentation from the ADC that may have revealed this, in aid of making an informed pre-filing decision whether any additional defendant should be named, or not named, in this suit. Notwithstanding repeated requests of the ADC via its counsel, the ADC has not produced

correctional documents regarding Dr. Lapp, including logs or other entries by correctional officers or other ADC staffers who might have noted Mr. Flood's request and noted what, if anything, they did in response.[1]

5. If no reference to Mr. Flood's request appears in any ADC documents, this case will proceed with the current defendants. If, however, ADC records confirm Mr. Flood's request, it will be appropriate to follow up appropriately to determine if any other persons working at the ADC should, before May 17, 2023, be named as defendants in this lawsuit, for not having taken appropriate steps in light of what they had learned.

6. The complaint in this case was filed the day before this motion is being filed. Since the expiration of the period of limitations is currently less than three months away, the discovery at issue cannot reasonably await the issuance of the Court's standard scheduling order, something that may not occur for six to eight weeks from the instant writing, in which case plaintiffs will be at risk of not being able to secure the necessary discovery and, if appropriate, name an additional defendant in time. Naming a John Doe defendant does not save a claim from the expiration of the statutory period of limitations.

7. There is no cognizable prejudice to any party or third party arising from the granting of this request, which simply expedites the time in which the referenced documentation will be have to be produced by the sheriff. On the other hand, plaintiffs will be severely prejudiced if it turns out that the sheriff's refusal to hand over records regarding Dr. Lapp has precluded the

---

[1]Counsel's requests of the ADC for such access, made months ago, were met with silence or polite refusal. ADC counsel first indicated interest in talking about this matter two days before the complaint in this case was filed, by which time it was too late for the resulting information, if forthcoming at all, to be used. This motion follows.

presentation of a timely and appropriate claim against a currently unknown defendant.  Plaintiffs respectfully represent that granting their request is in keeping with the principles informing FED. R. CIV. P. 1, to secure the "just, speedy and inexpensive determination" of this action.

For these reasons, plaintiffs' motion should be granted.  Plaintiffs waive a hearing on this motion and request its adjudication on the papers.  A proposed order is submitted herewith.

              Respectfully submitted,

              LISA LAPP,

              By counsel

Dated:  February 24, 2023

Counsel for Plaintiffs:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com                                                                         \
**LappLisa\Pleadings\2023-0224-MPreliminaryDiscovery**

<u>Certificate of Service</u>

   I, Victor M. Glasberg, hereby declare that the above Motion for Leave to Take Preliminary Discovery and Waiver of Hearing, and proposed order will be served on all the defendants together with the Amended Complaint in this case, on the date that will appear on the return of service of the complaint and this motion, which return will be duly filed in court.  As of this writing, counsel awaits the receipt of summonses from the clerk's office.

                <u>//s// Victor M. Glasberg    </u>
                Victor M. Glasberg, #16184
                Victor M. Glasberg & Associates
                121 S. Columbus Street
                Alexandria, VA  22314
                703.684.1100 / Fax: 703.684.1104
                vmg@robinhoodesq.com
                nsr@robinhoodesq.com

                Counsel for Plaintiffs